**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RUBEN VALERIO MENDEZ,<br><br>    Petitioner,<br>  v.<br><br>JEROME WALSH, Superintendent, et al.,<br><br>    Respondents | CIVIL ACTION NO. 3:12-CV-01996<br><br>(KOSIK, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On October 4, 2012, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254 by Petitioner Ruben Valerio Mendez. (Doc. 1). At the time of filing, Mendez was incarcerated at the State Correction Institution in Dallas, Pennsylvania. (Doc. 1). In addition to the petition and attached exhibits, a federal habeas court may take judicial notice of state court records, as well as its own.

In his petition for a writ of habeas corpus, Mendez challenged his June 2010 conviction and August 2010 sentence in the Court of Common Pleas of Schuylkill County, Pennsylvania, for two counts of delivery of a controlled substance, two counts of possession of drug paraphernalia, and one count of criminal use of a communication facility. *Commonwealth v. Mendez*, Docket No. CP-54-CR-0001244-2009 (Schuylkill County C.C.P.); *Commonwealth v. Mendez*, Docket No. CP-54-CR-0001249-2009 (Schuylkill County C.C.P.). On March 10, 2014, this Court issued an Order for the Petitioner to Show Cause within thirty days why the procedurally defaulted claims should be excused. (Doc. 16). Petitioner did not respond to the Order within the allotted time. On March 20, 2014, the Show Cause Order was returned as undeliverable. On May 12, 2014, this Court issued an Order to Show Cause directed at both

Petitioner and Respondents, directing the parties to address whether Petitioner is currently in the custody of the Pennsylvania Department of Corrections.

On May 21, 2014, Respondents replied indicating that Petitioner completed his sentence with the Pennsylvania Department of Corrections on June 28, 2013. (Doc. 22, p. 2). Petitioner was then subject to a detainer entered by the United States Immigration and Customs Enforcement. On February 4, 2014, Petitioner was deported to the Dominican Republic. (Doc. 22-1, p. 9). Petitioner is no longer in the custody of the Pennsylvania Department of Corrections. (Doc. 22). Respondents request that this Court dismiss the instant petition as moot. (Doc. 22).

Mendez has served his full sentence and is no longer in custody of the Pennsylvania Department of Corrections. A prisoner may seek federal habeas relief only if he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a). Moreover, a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. *Lane v. Williams*, 455 U.S. 624, 631 (1982). As Mendez is no longer in custody of the Pennsylvania Department of Corrections, the challenge to his detention is moot.

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED AS MOOT** and the case file be closed.

                                          **BY THE COURT:**

**Dated: May 22, 2014**                        *s/ Karoline Mehalchick*
                                                  **KAROLINE MEHALCHICK**
                                                  **United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RUBEN VALERIO MENDEZ,<br><br>　　　　Petitioner,<br>　v.<br><br>JEROME WALSH, Superintendent, et al.,<br><br>　　　　Respondents | CIVIL ACTION NO. 3:12-CV-01996<br><br>(KOSIK, J.)<br>(MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 22, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: May 22, 2014**　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**